## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Danh Thay, | Case No. 18-cv-280 (SRN/TNL) |
| Petitioner, | |
| v. | |
| Kirstjen Nielsen, *Secretary DHS*, | **REPORT & RECOMMENDATION** |
| Jefferson Sessions, *Attorney General*, | |
| Peter Berg, Acting ICE Field Office Director, and | |
| Kurt Freitag, *Freeborn County Sheriff*, | |
| Respondents. | |

Danh Thay, A# 027325726, 1806 Redwood Lane, Madison, WI 53711 (pro se Petitioner);[1]

Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents); and

David John Walker, County Attorney, Freeborn County Attorney's Office, Freeborn County Government Center, 411 South Broadway Avenue, Albert Lea, MN 56007 (for Respondent Freitag).

---

[1] As discussed herein, Petitioner has been released from custody. *See infra* Section II. The address on file with the Court for Petitioner, the Freeborn County Adult Detention Center, is likely no longer correct. Respondents' Exhibit 1 lists this Wisconsin address as Petitioner's address upon release. (Ex. 1 at 6 to Decl. of Ana H. Voss, ECF No. 7-1.) Therefore, the Clerk of Court is directed to update the address on file for Petitioner and send copies of this Report & Recommendation to both the Wisconsin address and the Freeborn County Adult Detention Center, P.O. Box 170, Albert Lea, MN 56007.

1

## I. INTRODUCTION

This matter comes before the Court on Petitioner Danh Thay's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Pet., ECF No. 1.) This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Susan Richard Nelson, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the Petition be denied as moot and this action be dismissed.

## II. BACKGROUND

Petitioner is a native of Thailand and a citizen of Vietnam. (Notice to Appear at 3, ECF No. 1-1 at 10.) Petitioner entered the United States in 1984 as a refugee. (Notice to Appear at 3; Pet'r's Mem. in Supp. at 2, ECF No. 2.) Petitioner became a lawful permanent resident in 1987. (Notice to Appear at 3.) On or about June 28, 2017, Petitioner was taken into custody. (Pet. at 5; Pet'r's Mem. in Supp. at 2; *see* Notice to Appear at 1-3.) On August 1, 2017, Petitioner was ordered removed from the United States.[2] (Pet. at 5; Pet'r's Mem. in Supp. at 2; Order of Supervision, Ex. 1 at 5 to Decl. of Ana H. Voss, ECF No. 7-1.)

On January 31, 2018, Petitioner filed the instant Petition. Petitioner asserted that "[t]here is no significant likelihood of removal in the reasonably foreseeable future," and his "[p]rolonged detention is unreasonable and violates [his] rights to substantive due

---

[2] The removal order is not part of the record.

process under the Due Process Clause of the Fifth Amendment." (Pet. at 6-7.) Petitioner sought immediate release from custody. (Pet. at 8; Pet'r's Mem. in Supp. at 2.)

On March 20, 2018, it was determined that there was no significant likelihood of Petitioner's removal in the reasonably foreseeable future and recommended that Petitioner be released on an order of supervision. (HQ POCR Checklist for 241.13 Reviews, Ex. 1 at 4 to Voss Decl.) Petitioner was released on an order of supervision on March 27, 2018. (Order of Supervision.) On March 28, 2018, Respondents filed a response to the Petition, requesting that this matter be dismissed as moot in light of Petitioner's release. (*See generally* Resp., ECF No. 6.)

### III. ANALYSIS

#### A. Mootness

"Article III of the United States Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter*, 329 F.3d at 611. It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issue. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). If there is no longer an active case or controversy, the

action is moot and must be dismissed. *Potter*, 329 F.3d at 611; *see Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) ("If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction.").

In his Petition, Petitioner seeks release from custody. Petitioner was released, however, on March 27, 2018. The Court can no longer order Petitioner's release because he has already been released. Since Petitioner was released from custody, nothing in his situation would change by granting the relief sought. "This is the very definition of mootness." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)).

### B. Application of the Exceptions to Mootness

Nevertheless, Petitioner's release does not automatically render the Petition moot. Mootness also requires analysis of potentially applicable exceptions to the mootness doctrine. *Sayonkon v. Beniecke,* No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *adopting report and recommendation*, 2012 WL 1622545 (D. Minn. May 9, 2012). Under these exceptions, the Petition should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Id.* (quotation omitted). None of these exceptions apply.

First, there are no collateral consequences resulting from the allegedly unlawful detention. The conditions of Petitioner's supervised release stem from the removal order,

4

not the allegedly unlawful detention. *See id.* ("[T]he collateral-consequences exception does not apply where such conditions follow from the final order of removal and not from the allegedly prolonged detention itself."); *see also, e.g.*, *Vang v. Sessions*, 17-cv-1676 (SRN/BRT), 2017 WL 4773328, at *2 (D. Minn. Oct. 2, 2017) ("That Vang is subject to conditions of supervised release does not alter th[e] conclusion [that his petition is now moot], as those conditions are collateral consequences of his underlying removal order rather than his allegedly unlawful detention."), *adopting report and recommendation*, 2017 WL 4772409 (D. Minn. Oct. 20, 2017); *Lee v. Sessions*, No. 16-cv-2776 (DWF/SER), 2017 WL 1373873, at *3 (D. Minn. Mar. 9, 2017) ("Here, there is no continuing injury based on Lee's conditions of release because they are not a collateral consequence of his allegedly illegal detention, which is the subject of his Petition."), *adopting report and recommendation*, 2017 WL 1373259 (D. Minn. Apr. 13, 2017); *Kargbo*, 2016 WL 3676162, at *2 ("The things of which Kargbo complains—being subject to release conditions and the possibility of being taken back into custody if ICE finds another country that will permanently accept him—are not consequences of the *detentions*, but consequences of the *removal order*.").

Second, this case does not involve conduct that is capable of repetition yet evading review. In *Kargbo*, Kargbo was released from custody due to the unlikelihood of his removal in the reasonably foreseeable future and was subject to conditions. *Kargbo*, 2016 WL 3676162, at *1. Kargbo still sought to have his requested relief—to be released from custody—granted. *Id*. The district court, however, determined that the case was moot and, even if the Kargbo were taken back into custody, it would be based on new justifications,

5

such as violation of a condition of release or a significant likelihood of removal in the reasonably foreseeable future. *Id.* at *2. Like Kargbo, Petitioner was released because there was no significant likelihood of his removal in the reasonably foreseeable future. If Petitioner were to be taken back into custody, it would be based on a new set of facts and circumstances, which, for purposes of example and not limitation, could be due to travel documents being issued for Petitioner's removal to Vietnam. If Petitioner were brought back into custody, he would be free to bring a new habeas petition based on such new facts and circumstances. *See id.* Accordingly, the conduct at issue does not meet the capable-of-repetition-yet-evading-review exception because the allegedly unlawful detention on which the Petition is based cannot be repeated under the same circumstances.

"Third, this is not a case in which [Respondents] voluntarily ceased allegedly unlawful conduct but [are] free to restart such conduct at whim." *Id.* (citing *Already*, 133 S. Ct. at 727). As previously stated, if Petitioner were to be brought back into custody, it would be under a new set of circumstances and facts, and would be "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged, and thus this case does not fall into the voluntary-cessation exception to the mootness doctrine." *Id.*; *accord Mohamed v. Sessions*, No. 16-cv-3828 (SRN/BRT), 2017 WL 4417706, at *6 (D. Minn. Sept. 14, 2017) ("In the absence of evidence suggesting that a detention of Mohamed on similar facts is reasonably likely to occur again, this Court cannot find that the voluntary-cessation exception applies."), *adopting report and recommendation*, 2017 WL 4410765 (D. Minn. Oct. 3, 2017).

Finally, the fourth exception does not apply because this case is not a certified class action suit.

In sum, because the Court can no longer grant effective relief to Petitioner and none of the above-mentioned exceptions to mootness applies, the Petition must be denied as moot.

### C. Due Process Claim

Petitioner also claims that his substantive due process rights under the Fifth Amendment were violated. (Pet. at 6.) Petitioner's substantive due process claim is based on his "prolonged detention" without a "significant likelihood of removal in the reasonably foreseeable future." (Pet. at 6-7.) "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Fifth Amendment's Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *accord El-Dessouki v. Cangemi*, No. 06-cv-3536 (DSD/JSM), 2006 WL 2727191, at *3 (D. Minn. Sept. 22, 2006) ("[A]n alien's freedom from imprisonment lies at the heart of the liberty that the substantive due process clause protects.") (quotation omitted). Petitioner is no longer detained and, therefore, his substantive due process claim is likewise moot. *Yelengi v. Lynch*, No. 16-cv-2397 (SRN/TNL), 2017 WL 2123927, at *3 (D. Minn. Apr. 26, 2017), *adopting report and recommendation*, 2017 WL 2124398 (D. Minn. May 16, 2017); *see Asalati v. Gonzales*, No. CIV-06-1423-M, 2007 WL 1288169, at *2 (W.D. Okla. Apr. 30, 2007) (substantive due process claim based on alien's prolonged detention moot after release).

7

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT.**

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Date: July  30  , 2018           *s/ Tony N. Leung*
                                  Tony N. Leung
                                  United States Magistrate Judge
                                  for the District of Minnesota

                                  *Thay v. Nielsen et al.*
                                  Case No. 18-cv-280 (SRN/TNL)


## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).